UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLISON AUBUCHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24CV189 HEA |
| | ) |
| TATE TRUCKING, LLC, and | ) |
| WENDIMU MITANO | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), [Doc. No. 9]. Plaintiff has filed a response to the Motion, to which Defendants have filed a reply. On September 5, 2024, the Court heard arguments on the Motion. For the reasons set forth below, the motion is granted in part and denied in part.

Facts and Background[1]

Plaintiff's Petition alleges the following:

On February 24, 2022, Defendant Mitano, an employee of Defendant Tate Trucking, while performing his duties on behalf of his employer, was driving northbound on US Highway 61. Defendant Mitano caused his 2014 Freightliner

---

[1] The recitation of facts is set forth for the sole purpose of this Opinion. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

Corp Cascadia 125 to come into contact with the rear of another motorist on US Hightway 61. The force of this collision created a chain reaction involving multiple motor vehicles, which ultimately caused a third party to collide with the rear of Plaintiff's 2016 Cadillac ATS.

The Petition sets out a claim for Negligence against Defendant Mitano, Count I; Negligence Per Se under RSMo § 304.0171.1 against Defendant Mitano, Count II; Negligence against Defendant Tate Trucking, Count III; Negligence Per Se under RSMo § 304.0171.1, against Defendant Tate Trucking, Count IV; Negligent Hiring against Tate Trucking, Count V; Negligent Retention against Tate Trucking, Count VI; and Negligent Supervision against Tate Trucking, Count VII.

Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *In Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to

2

contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In order "[t]o survive a motion to dismiss, a complaint must plead sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible if the plaintiff pleads facts that allow the court to draw the reasonable inference that the Defendants is liable for the misconduct alleged." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023) (internal quotation marks and alteration omitted) (quoting *Iqbal*, 556 U.S. at 678)). "If, on the other hand, the plaintiff pleads facts that are merely consistent with a Defendants' liability, the complaint stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted); accord *Edwards*, 58 F.4th at 377 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937)).

In deciding whether a complaint satisfies the plausibility test, the Court must "accept 'as true the complaint's factual allegations and grant[ ] all reasonable inferences to the non-moving party.'" *Park Irmat Drug Corp. v. Express Scripts*

3

*Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (alteration in original) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)). This rule "is inapplicable to legal conclusions," which the Court may disregard. *Iqbal*, 556 U.S. at 678. Likewise, "'naked assertions devoid of further factual enhancement,' do not suffice, nor do '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). With few exceptions, the Rule 12(b)(6) analysis is constrained to factual matter alleged in the complaint. See *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Id.* (citations omitted)).

## Discussion

**Prior Settlement Agreement**

    Defendants move to dismiss the Petition arguing the parties entered into a valid settlement agreement thereby resolving all claims against them. In support of this argument, Defendants discuss emails between Plaintiff's former attorney and the claims adjuster assigned to Plaintiff's case, Mark Sitler. Defendants contend the

emails establish that all of Plaintiff's claims were settled for $32,000, and therefore, this action should be dismissed.

In response, Plaintiff argues the motion cannot be granted on this ground because Defendants asks the Court to look outside the pleadings to extraneous materials and should have been filed as a motion to enforce settlement. Defendants respond by asking the Court to convert the Motion to Dismiss into a motion for summary judgment.

The Court agrees with Plaintiff that a motion pursuant to Rule 12(b)(6) is not the proper procedural basis to attempt to enforce a settlement if one exists. Rule 12(b)(6) tests the sufficiency of the complaint. The Court is limited in its analysis to the allegations contained in the complaint and only those items outside the allegations that are necessarily embraced by the complaint, matters subject to judicial notice, and matters of public record. The Motion to Dismiss based on an alleged settlement agreement is denied without prejudice to filing further pleadings addressing the settlement issues.

**Negligence Per Se**

Defendants seek dismissal of Counts II and IV which assert negligence *per se* claims against them.

"Whether negligence exists in a particular situation depends on whether or not a reasonably prudent person would have anticipated danger and provided

5

against it." *Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002). "Negligence per se 'is a form of ordinary negligence that results from violation of a statute,' " and "arises where the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct." *Id*. When the legislature has done so, "the court then adopts the statutory standard of care to define the standard of conduct of a reasonable person," and "the jury is instructed on the statutory standard of care rather than the care of the reasonable person." *Id*. Therefore, the Court must consider the legislative intent of § 3040.060, § 304.171.1.

Here, the code referenced by Plaintiff's Petition merely sets out the reasonable person standard of care. Like the statutes in *Whittaker v. CRST Malone, Inc.*, No. 4:18CV1048 HEA, 2019 WL 931966, at *1 (E.D. Mo. Feb. 26, 2019) and *Cisco v. Mullikin*, No. 4:11–CV–295 RWS, 2012 WL 549504, at *2 (E.D. Mo. Feb. 21, 2012), Section 304.171.1 does not set out a statutory standard of care; rather, it provides that "[t]he driver of a vehicle shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway." Mo. Ann. Stat. § 304.017 (West). Missouri Courts have defined the highest degree of care "as that degree of care that a very careful person would use under the same or similar circumstances." *Crane v. Drake*, 961 S.W.2d 897, 901 (Mo. App. W.D. 1998)

6

(quotation omitted). Section 304.171.1 does not indicate specific conduct that constitutes a violation and does not set out a statutory standard of care. *Whittaker* 2019 WL 931966, at *1 (E.D. Mo. Feb. 26, 2019); *Cisco* 2012 WL 549504, at *2 (E.D. Mo. Feb. 21, 2012). Plaintiff's negligence per se claims are fatally flawed and must be dismissed.

**Negligent Hiring, Retention, and Supervision**

Since this Court's jurisdiction is based on diversity of citizenship, state law governs the substantive issues in this case. See, e.g., *Am. Home Assur. Co. v. Pope*, 591 F.3d 992, 998-99 (8th Cir. 2010) ("In a diversity action, such as this, we use state substantive law to govern our analysis.") (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In interpreting state law, a federal court is "bound by the decisions of the state's highest court." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006) (quoting *Eichenwald v. Small*, 321 F.3d 733, 736 (8th Cir. 2003)). "When a state's highest court has not decided an issue, it is up to [the] court to predict how the state's highest court would resolve that issue.' " *Id*. (quoting *Continental Cas. Co. v. Advance Terrazzo & Tile Co*., 462 F.3d 1002, 1007 (8th Cir. 2006)). In making that determination, the decisions of intermediate state appellate courts are persuasive authority. *Id*.

Defendants argue that under Missouri law, once an employer has admitted respondeat superior liability, it is improper to allow a plaintiff to proceed against

7

the employer on any other theory of imputed liability. Defendants rely principally on *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995).

> Under the McHaffie rule, "once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *McHaffie*, 891 S.W.2d at 826.
>
> In other words, "*McHaffie* prohibits a plaintiff from going to the jury on multiple alternative theories of imputed liability." *Coomer v. Kansas City Royals Baseball Corp.*, 437 S.W.3d 184, 206 (Mo. banc 2014).

*D.J. by & through Jackson v. First Student, Inc.*, No. ED 111487, 2024 WL 3152509, at *18 (Mo. Ct. App. June 25, 2024), *reh'g and/or transfer denied (July 29, 2024)*.

In *McHaffie*, a plaintiff injured in an accident sued the driver of a vehicle and the driver's employer, alleging a claim of negligence against the driver, a claim of vicarious liability against the employer, and claims of negligent hiring and supervision against the employer. *Id.* at 824. The Missouri Supreme Court held that "once the agency relationship was admitted, it was error to permit a separate assessment of fault to defendant [employer] based upon the 'negligent entrustment' or 'negligent hiring' theories of liability"; it also held that it was error to admit evidence on those theories. *Id.* at 827.

> If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants

8

> is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case. Once vicarious liability for negligence is admitted under respondeat superior, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee. This is true regardless of the "percentage of fault" as between the party whose negligence directly caused the injury and the one whose liability for negligence is derivative.

*Id.* at 826 (internal citations omitted). The *McHaffie* court suggested in dicta that there might be some situations in which this general rule might not apply, noting as one example that it is "possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee." Id. However, the court did not decide whether any such exceptions to the general rule existed. *Id*.

In 2013, however, the Missouri Court of Appeals held that the general rule set forth in *McHaffie* does not apply where punitive damages are sought against the employer, stating:

> The rationale for the Court's holding in McHaffie was that, where vicarious liability was admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability was necessarily fixed by the negligence of the employee. McHaffie, 891 S.W.2d at 826. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants. *Id*.
>
> The same cannot be said, however, when a claim for punitive damages based upon the direct liability theories is raised. If an employer's hiring, training, supervision, or entrustment practices can be characterized as demonstrating complete indifference or a conscious disregard for the safety of others, then

9

> the plaintiff would be required to present additional evidence, above and beyond demonstrating the employee's negligence, to support a claim for punitive damages. Unlike in the McHaffie scenario, this evidence would have a relevant, non-prejudicial purpose. And because the primary concern in McHaffie was the introduction of extraneous, potentially prejudicial evidence, we believe that the rule announced in McHaffie does not apply where punitive damages are claimed against the employer, thus making the additional evidence both relevant and material.

*Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 393 (Mo. Ct. App. 2013).

Federal courts in Missouri consistently followed *Wilson* and have held that where an employer might be liable for punitive damages under theories of liability other than respondeat superior, a plaintiff may assert alternative theories of liability against the employer even where the employer has admitted respondeat superior liability. See *Mason v. Robinson*, No. 4:22CV649 HEA, 2023 WL 2913574, at *1 (E.D. Mo. Apr. 12, 2023)(denying motion to dismiss independent claims); *Gaydos v. Gully Transportation, Inc.*, No. 4:21-CV-388-SPM, 2021 WL 5298679, at *2–4 (E.D. Mo. Nov. 15, 2021)(denying employer defendant's motion to dismiss independent claims); *Sanford v. K&B Transp., Inc.*, No. 1:20 CV 180 ACL, 2021 WL 4552206, at *3 (E.D. Mo. Oct. 5, 2021) (denying a negligent driver's employer's motion for judgment on the pleadings on claims of direct negligence, negligent hiring/retention, negligent supervision/retention, and negligent training claims); *Monroe v. Freight All Kinds, Inc., et al.*, No. 18-CV-03238-SRB, 2020 WL 6589000, at *2-*3 (W.D. Mo. Nov. 10, 2020) (rejecting an employer's argument that it was entitled to summary judgment on claims of negligence and negligent

hiring/training/supervision/entrustment because it had admitted vicarious liability); *Kyles v. Celadon Trucking Servs., Inc*., No. 6:15–CV–03193–MDH, 2015 WL 6143953, at *4 (W.D. Mo. Oct. 19, 2015) (relying on *Wilson*).

This Court concludes that the reasoning of *Wilson* and the above cases are persuasive. In the Petition, Plaintiff did not seek punitive damages, however Mo.Rev.Stat. § 510.261(5), prohibits a claim for punitive damages in an initial pleading. Although the Eighth Circuit has not addressed the question of whether § 510.261(5) applies in federal court proceedings, federal district courts in Missouri have consistently held that it does not. See, e.g. *Reppert v. Guerrero*, No. 4:23CV504 HEA, 2024 WL 1217484, at *2–3 (E.D. Mo. Mar. 21, 2024). *Mason v. Robinson*, No. 4:22CV649 HEA, 2023 WL 2913574, at *3 (E.D. Mo. Apr. 12, 2023); *Bextermueller News Distributors v. Lee Enterprises, Inc*., No. 4:22-CV-00344-SPM, 2023 WL 2187465, at *6–7 (E.D. Mo. Feb. 23, 2023); *Davis v. ALS Express Trucking, Inc*., No. 4:20-CV-1672-RLW, 2022 WL 3153712, at *1-*2 (E.D. Mo. Aug. 8, 2022); *Ryan v. United Recovery & Remarketing, LLC*, No. 4:21-CV-01324-JAR, 2022 WL 1421517, at *2 (E.D. Mo. May 5, 2022); *Gaydos v. Gully Transportation, Inc*., 4:21-CV-388-SPM, 2021 WL 4963523 (E.D. Mo. Oct. 26, 2021); *Kilburn v. Autosport Acquisitions, LLC,* No. 1:20-CV-211-ACL, 2021 WL 307550, at *1-*2 (E.D. Mo. Jan. 29, 2021. Plaintiff may seek to amend her claims to include punitive damages and may need to obtain discovery (and

11

eventually present evidence) in support of any claims for punitive damages that go above and beyond demonstrating Defendant Titano's negligence. Thus, as in the above cases, *McHaffie* does not require dismissal of Counts V, VI, and VII. Defendants' motion to dismiss will be denied with respect to those claims.

## Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 9], is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Counts II and IV are dismissed.

Dated this 25th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE