UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALLISON AUBUCHON, )
)
Plaintiff, )
)
v. ) Case No. 4:24CV189 HEA
)
TATE TRUCKING, LLC, and )
WENDIMU MITANO )
)
Defendants. )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Rule 35 Physical Examination, [Doc. No. 58], and Plaintiff's Motion for Protective Order, . For the reasons set forth below, the Motion for Examination Is granted and the Motion for Protective Order will be denied.

Facts and Background[1]

Plaintiff's Petition alleges the following:

On February 24, 2022, Defendant Mitano, an employee of Defendant Tate Trucking, while performing his duties on behalf of his employer, was driving northbound on US Highway 61. Defendant Mitano caused his 2014 Freightliner Corp Cascadia 125 to come into contact with the rear of another motorist on US

[1] The recitation of facts is set forth for the sole purpose of this Opinion. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

Highway 61. The force of this collision created a chain reaction involving multiple motor vehicles, which ultimately caused a third party to collide with the rear of Plaintiff's 2016 Cadillac ATS.

The Petition sets out a claim for Negligence against Defendant Mitano, Count I; Negligence Per Se under RSMo § 304.0171.1 against Defendant Mitano, Count II; Negligence against Defendant Tate Trucking, Count III; Negligence Per Se under RSMo § 304.0171.1, against Defendant Tate Trucking, Count IV; Negligent Hiring against Tate Trucking, Count V; Negligent Retention against Tate Trucking, Count VI; and Negligent Supervision against Tate Trucking, Count VII.

Defendants move to for a physical examination of Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiff moves for a protective order regarding any physical examinations.

Legal Standard

Under Rule 35, a court has discretion to order a party whose mental or physical condition is in controversy to "submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). In exercising its discretion, a court may set terms and conditions for the examination. 7 Moore's Federal Practice, § 35.05[4] (Matthew Bender 3d ed.). Rule 35(a)(2)(B) requires the examination order to "specify the time, place, manner, conditions, and scope of

the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Rule 26(c) provides authority for appropriate conditions upon the examination. *Hertenstein v. Kimberly Home Health Care, Inc*., 189 F.R.D. 620, 624 (D. Kan. 1999). Upon a showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking a protective order, however, has the burden to show good cause for it. *Shannon v. Ellis*, No. 4:18-CV-00506 JAR, 2018 WL 4698783, at *1 (E.D. Mo. Oct. 1, 2018); *Hertenstein*, 189 F.R.D. at 624 (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996) ).

**Discussion**

Plaintiff concedes Defendants are entitled to a physical examination of Plaintiff. She does, however, seek a protective order which she proposes contains limitations on the examining physician and allows for a recording of the exam itself. Specifically, Plaintiff seeks a list of the tests to be performed on Plaintiff at least fourteen days prior to the exam so Plaintiff and her doctor have the opportunity to object. She also asks that the examination be limited to those parts of her body which were allegedly injured in the accident. Further, she asks that the examiner not ask Plaintiff to complete any lengthy questionnaires, or sign any

documents at the exam; and that the examiner or Defendants' counsel provide Plaintiff's Counsel any necessary paperwork to be filled out by Plaintiff ten (10) days prior to the examination

> Questions the physician must ask during an examination, and particularly follow-up questions, cannot be determined in advance and therefore cannot be restricted by the Court. See, e.g., *Romano*, 173 F.R.D. at 273 (court refused to prohibit examining physician from taking oral medical history or otherwise questioning plaintiff during examination); 7 Moore's Federal Practice, § 35.05[4]. See also *Goggins v. State Farm Mut. Auto. Ins. Co*., No. 3:10-CV-00826-J-20JBT, 2011 WL 1660609, at *3 (M.D. Fla. May 3, 2011) ("Defendant's examiner should, within reason, be able to inquire both orally and in writing into Plaintiff's medical history as part of his examination. Thus, Plaintiff must complete all reasonable paperwork and answer all reasonable questions about her medical history in the context of her Rule 35 examination.").

> *Gade v. State Farm Mut. Auto. Ins. Co*., No. 5:14-CV-00048-CR, 2015 WL 12964613 (D. Vt. Jan. 2, 2015), is instructive. In *Gade*, plaintiff sought to limit the scope of her examination to the medical conditions, part of the body, and injuries in controversy, i.e., her cervical spine. The plaintiff also requested that she not be asked to discuss her medical history relating to parts of her body "not at issue or in controversy in this action." *Id.* at *4. The court denied plaintiff's motion for a protective order, explaining that during Rule 35 examinations, "courts often allow routine procedures" and "a review of medical history assists the doctor in his or her evaluation." *Id.* at *4 (quoting *Tarte*, 249 F.R.D. at 860. "[F]or the court to intervene and limit the type of examination an expert has indicated is necessary in order to analyze plaintiff's claims would subvert the truth finding function inherent in Rule 35 examinations." *Id*. (quoting *Abdulwali v. Washington Metro Area Transit Auth*., 193 F.R.D. 10, 15 (D.D.C. 2000) ). The *Gade* court held that in establishing plaintiff's overall health and the degree to which her alleged conditions impact her life, it was permissible for the examining physician to ask about her general health and her condition prior, during, and after the accidents which she alleges caused her damages. However, the court also ruled that plaintiff should not be examined or questioned regarding health conditions "wholly unrelated to her lawsuit." *Id*. at *5.

> The Court will therefore deny Plaintiff's motion for a protective order with regard to these conditions; however, Plaintiff's examination should be limited to the issues raised in his complaint.

*Shannon v. Ellis*, No. 4:18-CV-00506 JAR, 2018 WL 4698783, at *2–3 (E.D. Mo. Oct. 1, 2018).

This Court agrees with Judge Ross' well-reasoned analysis. Plaintiff has presented nothing to establish that the Rule 35 examination should be limited as presented in her Memorandum in Support of her Motion for Protective Order, except with regard to the parts of her body which are allegedly effected.

Plaintiff also asks that she be allowed to record the examination with a small hand-held audio recording device to "preserve a true and accurate record of the information exchanged."

Rule 35 explains precisely what the party or person examined is entitled to upon request—"a copy of the examiner's report," which "must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed.R.Civ.P. 35(b)(1)–(2). Rule 35 does give courts broad discretion to fashion (or not) conditions under which examinations must be administered. *Sanden v. Mayo Clinic*, 495 F.2d 221, 225 (8th Cir. 1974); see Fed.R.Civ. P. 35(a)(2)(B). But in the context of allowing a recording, most courts discourage the practice absent a compelling reason. See, e.g., *Durfee v. GPEX Transp., Inc.*, No. 4:23-CV-04042-KES, 2024 WL 5074913, at *2–3 (D.S.D. Dec.

11, 2024) (collecting cases);*Tomlin v. Holecek*, 150 F.R.D. 628, 631–34 (D. Minn. 1993); *Holland v. United States*, 182 F.R.D. 493, 495–96 (D.S.C. 1998) (collecting cases); *Petersen v. Rapid City, Pierre & E. R., Inc.*, No. 5:22-CV-5064, 2023 WL 6466199, at *4–5 (D.S.D. Oct. 4, 2023) (collecting cases). Principles underlying this position include "preserv[ing] the equal footing of the parties," ensuring the authenticity of the examination results, and avoiding "the infusion of the adversary process" into what should be a purely scientific endeavor. *Tomlin*, 150 F.R.D. at 631–34.

The requirement of a compelling reason for recording finds its basis in Rule 26. *Petersen*, 2023 WL 6466199, at *3–5. As the *Petersen* court explained, an IME is simply one method of discovery. *Id*. at *3. And so, once relevance is established for an IME, it becomes the burden of the party resisting discovery "to show why the examination should not go forward in the manner noticed." *Id*. at *3–4 (citations omitted).

Although there is authority for permitting third parties or recordings of Rule 35 examinations, the party seeking to have an observer present bears the burden of demonstrating "good cause" for the request under Rule 26(b), Fed.R.Civ.P., as the presence of a third party is not typically necessary or proper. *Tarte v. United States*, 249 F.R.D. 856, 859 (S.D. Fla. 2008) (citation omitted). Indeed, courts have held that the presence of a third party or recording device, which is analyzed in the

same way that the presence of an observer is considered, "subvert[s] the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's [medical] status." *Id.* (quoting *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006) ). See also *Romano v. II Morrow, Inc.*, 173 F.R.D. 271 (D. Or. 1997), where the court articulated the reasons for prohibiting third parties at an examination:

> [A]n observer, a court reporter, or recording device would constitute a distraction during the examination and work to diminish the accuracy of the process. [An observer could] potentially distract the examining [physician] and examinee thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry ...The Court finds that the presence of the observer would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard. *Id*. at 273-74 (quoting *Shirsat v. Mutual Pharm. Co*., 169 F.R.D. 68, 70–71 (E.D. Pa. 1996) ).

*Shannon v. Ellis*, No. 4:18-CV-00506 JAR, 2018 WL 4698783, at *2 (E.D. Mo. Oct. 1, 2018).

**Conclusion**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motion for Rule 35 Physical Examination, [Doc. No. 58], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order is **DENIED, except to the extent that the physical examination will be limited to the parts of Plaintiff's body she claims were injured in the accident.**

**IT IS FURTHER ORDERED** that the parties shall meet within 7 days from the date of this order and mutually agree on a time and place for Plaintiff's physical examination.

Dated this 28th day of October, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE