UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLISON AUBUCHON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24CV189 HEA |
| TATE TRUCKING, LLC, and WENDIMU MITANO | ) ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Strike plaintiff's Amended Expert Disclosures, [Doc. No. 63]. Plaintiff has filed a response to the Motion, to which Defendants have filed a reply. For the reasons set forth below, the motion is denied.

**Facts and Background**[1]

Plaintiff's Petition alleges the following:

On February 24, 2022, Defendant Mitano, an employee of Defendant Tate Trucking, while performing his duties on behalf of his employer, was driving northbound on US Highway 61. Defendant Mitano caused his 2014 Freightliner Corp Cascadia 125 to come into contact with the rear of another motorist on US

---

[1] The recitation of facts is set forth for the sole purpose of this Opinion. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

Highway 61. The force of this collision created a chain reaction involving multiple motor vehicles, which ultimately caused a third party to collide with the rear of Plaintiff's 2016 Cadillac ATS.

The Petition sets out a claim for Negligence against Defendant Mitano, Count I; Negligence Per Se under RSMo § 304.0171.1 against Defendant Mitano, Count II; Negligence against Defendant Tate Trucking, Count III; Negligence Per Se under RSMo § 304.0171.1, against Defendant Tate Trucking, Count IV; Negligent Hiring against Tate Trucking, Count V; Negligent Retention against Tate Trucking, Count VI; and Negligent Supervision against Tate Trucking, Count VII.

Defendants move to strike Plaintiff's experts pursuant to Rule 37(c)(1) for untimely disclosure and for failing to provide expert reports in accordance with 26 Rule 26(a)(2).

## Discussion

Defendants argue Plaintiff's experts should be stricken because Plaintiff did not disclose them by the date delineated in the Case Management Order. The Order provided that Plaintiff was required to disclose her experts on or before July 15, 2025. Plaintiff provided her experts on July 14, 2025. Thereafter, Defendants filed a motion to strike these disclosures because they failed to comply with the requirements of Rule 26(a). In response to the Motion, Plaintiff served her Amended Expert Disclosures. Defendants argue the Amended Disclosures are

2

untimely and do not contain the required reports. Plaintiff contends she is not required to produce reports because the experts are not retained experts, rather, they are her treating physicians.

Subsection (a)(2) of Rule 26 governs the disclosure of witnesses that may be used to present expert testimony at trial, requiring that a party "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). When the expert witness is "retained or specially employed to provide expert testimony in the case," a party must produce a detailed expert report, "[u]nless otherwise stipulated or ordered by the court." Fed. R. Civ. P. 26(a)(2)(B). For experts that are not specifically retained for litigation, such as treating physicians, parties must still disclose their identity and "the subject matter on which the witness is expected to present" expert opinion testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c) gives Rule 26(a) teeth. See 8B Charles A. Wright, Arthur R. Miller et al., Federal Practice & Procedure § 2289.1 (3d ed.). Under Rule 37(c), failing to properly identify witnesses as required by Rule 26(a)(1) precludes a party from using the witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Rule 37(c)'s sanction is "self-executing" and does

3

not require a motion. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018) (quoting Rule 37(c)(1)'s advisory committee note to the 1993 amendment).

In deciding whether an incomplete disclosure is justified or harmless, courts consider several factors, including "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which the introduction of such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Rodrick v. Wal-Mart Stores East. L.P.*, 666 F.3d 1093, 1097 (8th Cir. 2012).

Here, Plaintiff failed to comply with the disclosure requirements under Rule 26(a)(2)(C). Although Plaintiff identified her treating physicians in her Rule 26 disclosures, she did not properly disclose the subjects she planned to have them testify and whether any causation opinions arose during the course of the treatment. See Fed. R. Civ. P. 26(a)(2)(C). (For experts that are not specifically retained for litigation, such as treating physicians, parties must still disclose their identity and "the subject matter on which the witness is expected to present" expert opinion testimony and "a summary of the facts and opinions to which the witness is expected to testify."

Although a failure to describe a witness's subject-matter knowledge does not automatically require exclusion of the testimony, allowing Plaintiff's disclosures to

4

go forward without allowing Defendants the opportunity to depose them would result in prejudice to Defendants. See Fed. R. Civ. P. 37(c).

In the interests of justice, the Court finds that any prejudice to Defendants will be alleviated by allowing additional discovery and a continuance of the trial setting. The parties, therefore, must submit new dates for depositions, disclosure of Defendants' experts, and trial.

## Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike, [Doc. No. 62], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall supplement her expert disclosures in accordance with Rule 26(a)(2)(C) within 15 days from the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall jointly submit a proposed Amended Case Management Order detailing dates for depositions of Plaintiff's treating physicians, Defendants' disclosure of expert witnesses and depositions, dispositive motion deadlines, and proposed trial dates.

Dated this 9th day of December 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE